NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**UNITED SERVICES AUTOMOBILE ASSOCIATION,**
*Plaintiff-Appellee*

**v.**

**PNC BANK N.A.,**
*Defendant-Appellant*

———————————

2023-1778, 2025-1277

———————————

Appeals from the United States District Court for the Eastern District of Texas in Nos. 2:20-cv-00319-JRG-RSP, 2:21-cv-00110-JRG, Judge J. Rodney Gilstrap.

———————————

Decided: June 12, 2025

———————————

WILLIAM M. JAY, Goodwin Procter LLP, Washington, DC, argued for plaintiff-cross-appellant. Also represented by MATTHEW GINTHER; REBECCA CARSON, LISA GLASSER, STEPHEN PAYNE, ANTHONY ROWLES, Irell & Manella LLP, Newport Beach, CA; JASON SHEASBY, ANDREW JEFFREY STRABONE, Los Angeles, CA.

MARK CHRISTOPHER FLEMING, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for defendant-appellant. Also represented by MAKENZI G. HERBST; RONALD

2   UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

GREGORY ISRAELSEN, GREGORY H. LANTIER, GERARD ANDREW SALVATORE, Washington, DC.

————————————————

Before DYK, CLEVENGER, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

PNC Bank, N.A. appeals the U.S. District Court for the Eastern District of Texas's grant of United Services Automobile Association's motion for summary judgment of patent eligibility under 35 U.S.C. § 101, as well as the district court's denial of PNC's post-trial motions. This appeal concerns U.S. Patent No. 10,013,605, U.S. Patent No. 10,013,681, U.S. Patent No. 10,482,432, U.S. Patent No. 8,977,571, U.S. Patent No. 8,699,779, and U.S. Patent No. 10,621,559. We limit our discussion to the '605 patent, the '681 patent, and the '432 patent because we have separately affirmed an *inter partes review* of the '571 patent and the '779 patent finding the asserted claims unpatentable as obvious, *see United Services Automobile Ass'n. v. PNC Bank N.A.,* No. 23-2124, 2025 WL 370141 (Fed. Cir. Feb. 3, 2025), and an *inter partes review* of the '559 patent also finding the asserted claims unpatentable as obvious, *see United Services Automobile Ass'n. v. PNC Bank N.A.,* No. 23-1920, 2025 WL 341868 (Fed. Cir. Jan. 30, 2025).[1] Because the asserted claims of the '605, '681, and '432 patents are directed to an abstract idea and do not contain an inventive concept, we reverse.

————————————————

[1]   Since we have affirmed the invalidity of these patents, we need not reach the § 101 issue as to these patents. *See XY, LLC v. Trans Ova Genetics,* 890 F.3d 1282, 1294 (Fed. Cir. 2018) ("[A]n affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions.").

I

USAA owns the '605 patent, the '681 patent, and the '432 patent, which it refers to collectively as the "mobile remote deposit capture" (MRDC) patents. The patents are directed to a system for remotely depositing a check using general purpose consumer electronics and devices. '605 patent, 16:30–33; '681 patent, 13:65–14:3; '432 patent, 14:23–24.[2]

USAA sued PNC for infringement of the asserted patents. Both parties cross-moved for summary judgment on whether the claims were patent eligible under 35 U.S.C. § 101. The magistrate judge recommended granting USAA's motion, and the district court adopted that recommendation, finding the claims patent eligible. J.A. 157, 164, 175–76. The district court then held a five-day jury trial on claims 1, 3, 5, and 21 of the '432 patent; claims 12, 13, 22, 26, and 30 of the '681 patent; and claims 12, 13, and 22 of the '605 patent.[3] The jury found that PNC infringed at least one claim of the asserted patents and that no claims were invalid. J.A. 180–83.

After the district court entered final judgment, PNC timely filed its notice of appeal of the district court's summary judgment ruling on § 101. We have jurisdiction under 28 U.S.C. § 1295(a)(1).[4]

---

[2]    Exemplary claims for the '605, 681, and '432 patents are set forth in Appendix A of this opinion.

[3]    The trial also involved claims 1, 2, 9, 12, and 13 of the '571 patent. J.A. 178.

[4]    Before oral argument, we discovered that the record was unclear as to whether there were final judgments entered on PNC's counterclaims of noninfringement and invalidity under §§ 101, 102, 103, and/or 112 as to U.S. Patent No. 10,621,559 in this case and U.S. Patent

4  UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

## II

We apply the law of the regional circuit when reviewing a district court's summary judgment ruling, and the Fifth Circuit reviews these rulings de novo. *Ericsson Inc. v. TCL Commc'n Tech. Holdings Ltd.*, 955 F.3d 1317, 1324–25 (Fed. Cir. 2020); *Tex. Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 648 (5th Cir. 2001). Summary judgment is appropriate when, drawing all justifiable inferences in the nonmovant's favor, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 255 (1986).

Patent eligibility under § 101 is a question of law based on underlying findings of fact; we review a district court's legal conclusion of patent eligibility de novo. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018).

## III

Section 101 provides that a patent may be obtained for "any new and useful process, machine, manufacture, or

---

No. 9,224,136 in case No. 2023-1639. ECF No. 58. We directed the parties to address whether there were final judgments on these claims at oral argument. *Id.* We determined that the record remained unclear, and we remanded the appeals to the district court for the limited purpose of entering amended final judgments. ECF No. 60. After entry of final judgment, the parties filed new notices of appeal. *United Servs. Auto. Assn. v. PNC Bank, N.A.*, No. 2025-1276, ECF No. 1 (Fed. Cir. Dec. 12, 2024); *United Servs. Auto. Assn. v. PNC Bank, N.A.*, No. 2025-1341, ECF No. 1 (Fed. Cir. Jan. 1, 2025). We consolidated the cases and elected to decide the appeals based on the prior-filed briefs and the corresponding oral argument we heard on November 6, 2024. ECF No. 61.

composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. But there is an important exception: "[l]aws of nature, natural phenomena, and abstract ideas are not patentable," because tying up these "basic tools of scientific and technological work" through patent grants risks impeding innovation. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (internal quotations and citation omitted). The Supreme Court laid out a two-step inquiry in *Alice* to determine whether a patent is directed to eligible subject matter under § 101. We first consider "whether the claims at issue are directed to a patent-ineligible concept." *Id.* at 218. If the claims are directed to a patent-ineligible concept, we then "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66, 78–79 (2012)).

## A

At *Alice* step one, we look to whether the claims are directed to a patent-ineligible concept. *Alice*, 573 U.S. at 218. We have held that claims directed to collecting information, analyzing information by "steps people go through in their minds, or by mathematical algorithms, without more," and presenting the results of collecting and analyzing information fall "within the realm of abstract ideas." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016) (collecting cases).

The magistrate judge's report and recommendation found the claims patent-eligible at *Alice* step one because the claims "improve[] specialized check processing machines by enabling the function of those machines to be performed without specialized equipment." J.A. 164 (citation omitted). The magistrate judge said this was shown "by the claim specifically reciting a 'general purpose' computer and then providing features that enable the recited general

purpose computer to perform the same functions as the specialized check processing machines of the prior art." *Id.*

We disagree and conclude that the claims are directed to the abstract idea of depositing a check using a mobile device. Today, in a companion case, we hold that claims directed to this abstract idea are not patent eligible. *See United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 23-1639, slip op. at 7 (Fed. Cir. 2025). The claims here are no less abstract.

The claims each recite a system for allowing a customer to deposit a check using a mobile device, but, similar to the claims in the companion case, the claim elements recite only routine and well-known steps taken when depositing checks, like authenticating the customer, capturing check images, reading the check amount and account information, and checking for errors. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l. Ass'n,* 776 F.3d 1343, 1347 (Fed. Cir. 2014) ("And banks have, for some time, reviewed checks, recognized relevant data such as the amount, account number, and identity of account holder, and stored that information in their records."). Further, the claims and the specification are silent as to specific software or technical advances; they do not explain *how* the general-purpose computers are made to act like specialized check scanners. There is no elaboration or specificity on how steps like "checking for errors" or "monitoring lighting" are performed—the patents just disclose that these steps happen and discuss them in a results-oriented manner. We conclude that the claims are directed to the abstract idea of depositing a check using a mobile device, and that there is no technological solution within the claims that pull them out of the realm of an abstract idea.

## B

Because the district court concluded that the claim was not directed to an abstract idea, it did not reach *Alice* step

two. We do and conclude that the claim is not eligible under § 101.[5]

At step two, we consider whether the elements of the claim contain an inventive concept sufficient to transform the abstract idea into a patent-eligible application. *Alice*, 573 U.S. at 217–18. The inventive concept requires more than mere application of the abstract idea, or "the mere recitation of a generic computer." *Alice*, 573 U.S. at 223.

We conclude there is no inventive concept that would support patent eligibility under step two. The abstract idea cannot be the inventive concept. *See Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1215 (Fed. Cir. 2025) (explaining a concept is not inventive when it does "no more than claim[] the abstract idea itself"). The claims merely provide for mobile-device implementation of routine or conventional activities long-associated with depositing checks. USAA focuses on the notion of *mobile* check deposits being inventive, *see e.g.*, J.A. 8994 ("The . . . [p]atents provide a technological solution to the challenges of accurate detection and extraction of the necessary information from digital images of checks *using general-purpose mobile device*s . . . .") (emphasis added), but this simply cabins the abstract idea of check deposits to a particular technological environment, which is insufficient, *see Intell. Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015) (discussing that limiting a claim to "a particular field of use or technological environment" is not

---

[5]   Because patent eligibility under § 101 is a question of law that we review de novo, we may reach step two even though the district court did not. *See Chamberlain Grp., Inc. v. Techtronic Indus. Co.,* 935 F.3d 1341, 1346–49 (Fed. Cir. 2019) (reaching step two even though the district court only reached step one when reviewing a district court's denial of a motion for judgment as a matter of law on the issue of patent-eligibility under § 101).

sufficient to supply an inventive concept). We do not find an inventive concept in the claims—only the implementation of routine activities using generic devices.

## IV

We have considered USAA's remaining arguments and find them unpersuasive. Because we reverse the district court's grant of summary judgment on patent eligibility and determine the claim is not directed to patent-eligible subject matter, we need not reach PNC's post-trial motions as all asserted claims have been rendered invalid so there are no longer any valid patents to support the jury verdict. *See XY*, 890 F.3d at 1294 (dismissing appeal of district court issue as moot because the court's affirmance of invalidity of a patent "has an immediate issue-preclusive effect on any pending or co-pending actions involving the patent"); *Senju Pharm. Co. v. Lupin Ltd.*, 780 F.3d 1337, 1353 (Fed. Cir. 2015) (declining to reach issues of infringement and estoppel when the underlying claims were deemed invalid).

**REVERSED**

APPENDIX A

Claims 1 and 12 of the '605 patent, claims 12 and 30 of the '681 patent, and claim 1 of the '432 patent are set forth below.

Claim 1 of U.S. Patent No. 10,013,605

1. An image capture and processing system for use with a digital camera, the image capture and processing system comprising:

a portable device comprising a general purpose computer including a processor coupled to a memory, the memory storing:

camera software comprising instructions that, when executed by the processor, control the digital camera;

a downloaded software component configured to control the camera software and to manage capturing electronic images, the software component comprising instructions that, when executed by the processor, cause the portable device to perform operations including:

instructing a user of the portable device to place a check in front of the digital camera and have the digital camera capture electronic images of front and back sides of the check;

displaying an instruction on a display of the portable device to assist the user in having the digital camera capture the electronic images of the check; assisting the user as to an orientation for capturing the electronic images of the check;

10 UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

presenting the electronic images of the check to the user after the digital camera captures the electronic images;

transmitting, using a wireless network, a copy of the electronic images over a public electronic communications network from the portable device, wherein the transmitted copy of the electronic images is a modified version of the electronic images captured with the digital camera, the modified version having a different electronic format than the images captured with the digital camera; and

submitting the check for deposit after the system authenticates the user and after presenting the electronic images of the check to the user;

a plurality of processors coupled to a plurality of memory devices storing instructions that, when each instruction of the instructions is executed by a processor of the plurality of processors coupled to a memory device of the plurality of memory devices storing that instruction, cause the system to perform additional operations including:

confirming that the deposit can go forward after performing an optical character recognition on the check, the optical character recognition including determining an amount of the check, comparing the

> determined amount to an amount entered by the user into the portable device, and reading a MICR line of the check;
>
> initiating the deposit after the confirming; and generating a log file for the deposit, the log file including a bitonal image of the check; and

another computer, remote from the portable device, comprising a processor coupled to a memory storing instructions that, when executed by the processor, cause the other computer to update a balance to reflect the amount of the check submitted for deposit by the portable device.

Claim 12 of U.S. Patent No. 10,013,605

12. A system for allowing a customer to deposit a check using a customer's own handheld mobile device with a digital camera, the system configured to authenticate the customer, the system including:

> a customer's handheld mobile device including:
>
> > camera software that controls the digital camera; and
> >
> > a downloaded app associated with a bank configured to control the camera software and to control submitting
> >
> > a check for deposit by causing the customer's handheld mobile device to perform the following steps:

12   UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

instructing the customer to have the digital camera take photos of front and back sides of the check;

using a display of the customer's handheld mobile device to assist the customer in having the digital camera take the photos of the check;

presenting the photos of the check to the customer after the digital camera takes the photos; and

transmitting, using a wireless network, a copy of the photos over the Internet from the customer's handheld mobile device; and

submitting the check for mobile check deposit in the bank after the system authenticates the customer and after presenting the photos of the check to the customer;

a computer associated with the bank programmed to update a balance of an account to reflect an amount of the check submitted for a mobile check deposit by the customer's handheld mobile device; and

the system configured to perform additional steps including:

confirming that the mobile check deposit can go forward after performing an optical character recognition on the check, the optical character recognition determining the amount of the check and reading a MICR line;

UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A. 13

> initiating the mobile check deposit after performing the confirming step; and

> generating a log file for the mobile check deposit, the log file including an image of the check submitted for the mobile check deposit.

## Claim 12 of U.S. Patent No. 10,013,681

12. A system for allowing a customer to deposit a check using a customer's own mobile device with a digital camera, the system configured to ask the customer to log in using a user name and password, the system including:

> customer's handheld mobile device including:

> > camera software that works with the digital camera; and a downloaded app associated with a bank to work with the camera software and to control submission of a check for deposit by causing the customer's handheld mobile device to perform:

> > instructing the customer to have the digital camera take photos of front and back sides of the check;

> > displaying a graphical illustration to assist the customer in having the digital camera take the photos of the check, the illustration assisting the customer in placing the digital camera a proper distance away from the check for taking the photos;

14 UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A.

> presenting the photos of the check
> to the customer after the photos are
> taken; and transmitting, using a
> wireless network, a copy of the pho-
> tos over the Internet from the cus-
> tomer's handheld mobile device;
> and
>
> confirming that the mobile check
> deposit can go forward after the
> system performs optical character
> recognition on the check, the opti-
> cal character recognition determin-
> ing an amount of the check and
> reading a Magnetic Ink Character
> Recognition (MICR) line;
>
> using a wireless network, transmit-
> ting a copy of the photos over a pub-
> lic communications network from
> the customer's mobile device and
> submitting the check for mobile
> check deposit in the bank after the
> photos of the check are presented to
> the customer;

a computer associated with the bank pro-
grammed to update a balance of an account
to reflect the check submitted for mobile
check deposit by the customer's mobile de-
vice; and

the system configured to generate a log file
for the mobile check deposit, the log file in-
cluding an image of the check submitted for
mobile check deposit.

UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A. 15

Claim 30 of U.S. Patent No. 10,013,681

30.  A non-transitory computer readable medium storing an app that, when downloaded and run by a customer's mobile device to perform:

> instructing a customer to have a digital camera take photos of front and back sides of a check;

> displaying a graphical illustration to assist the customer in having the digital camera take the photos of the check;

> giving an instruction to assist the customer in placing the digital camera at a proper distance away from the check for taking the photos;

> presenting the photos of the check to the customer after the photos are taken;

> confirming that the mobile check deposit can go forward after optical character recognition is performed on the check, the

> optical character recognition determining an amount of the check and reading a Magnetic Ink Character Recognition (MICR) line;

> using a wireless network, transmitting a copy of the photos over a public communications network from the customer's mobile device and submitting the check for mobile check deposit after the customer is authenticated, the photos of the check are presented to the customer, and the customer's mobile device checks for errors.

Claim 1 of U.S. Patent No. 10,482,432

1.  A system comprising:

a customer's mobile device including a downloaded app, the downloaded app provided by a bank to control check deposit by causing the customer's mobile device to perform:

> instructing the customer to have a digital camera take a photo of a check;

> giving an instruction to assist the customer in placing the digital camera at a proper distance away from the check for taking the photo;

> presenting the photo of the check to the customer after the photo is taken with the digital camera;

> using a wireless network, transmitting a copy of the photo from the customer's mobile device and submitting the check for mobile check deposit in the bank after presenting the photo of the check to the customer; and

a bank computer programmed to update a balance of an account to reflect an amount of the check submitted for mobile check deposit by the customer's mobile device;

wherein the downloaded app causes the customer's mobile device to perform additional steps including:

confirming that the mobile check deposit can go forward after optical character recognition is performed on the check in the photo; and

UNITED SERVICES AUTOMOBILE ASSOCIATION v. PNC BANK N.A. 17

checking for errors before the submitting step.